IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEVIN BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07CV419-HEH |
| ) | |
| DR. NAGLE, *et al.*, ) | Civil Action No. 3:09CV14 |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Dismissing *Bivens* Action)

Plaintiff, a federal inmate, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
>
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Plaintiff's allegations are restated verbatim, with capitalization corrected:

> I came out of the dining hall and I had my lunch tray on me which I wasn't suppose to take out the dining hall. Dr. Nagle stopped me for a routine pat search for contraband. He

> found my things and had me throw them in the trash then he
> proceded to pat search me. After he finished searching me I
> said to him "you don't have to touch my butt like that." He
> said "that's it get up against the wall" so I did then he began a
> second pat search of me and began to rub on and over my
> butt. I asked him his name and he refused to give it to me.
> When he finished his second pat search of me he looks at me
> and says "I'll touch you wherever I want too." I then filed a
> BP8 on him for sexual misconduct.

(Compl. 4.) Plaintiff names Dr. Nagle, G. Kinard, and V. Adams as defendants. Plaintiff demands $100,000 and requests that Dr. Nagle be fired.

In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right. *See Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (*citing Bivens*, 403 U.S. at 389).[2] The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp.*, 127 S. Ct. at 1964 (*quoting Conley*, 355 U.S. at 47). Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Plaintiff fails to even mention Defendants Kinard and Adams in the body of the complaint. Thus, it is RECOMMENDED that all claims against Kinard and Adams be DISMISSED.

Plaintiff appears to contend that Dr. Nagle's offensive pat-down violated the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment.[3] In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that

---

[2] Although *Goldstein* does state that a *Bivens* action requires a plaintiff to demonstrate "a violation of his constitutional rights", 364 F.3d at 210 n. 8, this Court notes that *Bivens* creates a private cause of action only for violations of the Fourth Amendment. *See Bivens*, 403 U.S. at 389.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones* 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian,* 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

"[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (*citing Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Nevertheless, the single, brief offensive pat-down search alleged here is not sufficiently serious to support an Eighth Amendment violation. *See Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (Nos. 04-1805, 04-1871), *available at* 2005 WL 3077136, at *4-5 (concluding that grabbing and rubbing prisoner's buttocks in a degrading manner during a search did not amount to an Eighth Amendment violation); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 497 (E.D. Pa 1998) (*citing Berryhill v. Schriro,* 137 F.3d 1073, 1076 (8th Cir. 1998); *Williams v. Keane,* No. 1:95cv00379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997); *Kaestner v. Mitchell,* No. 3:96cv02370, 1996 WL 428357, at *1 (N.D. Cal. July 24, 1996); *Duncan v. Keane,* No. 1:95cv01090, 1995 WL 649931, at *6 (S.D.N.Y. Nov. 6, 1995)). Accordingly, it is RECOMMENDED that Plaintiff's claim against Nagle and the action be DISMISSED.

(Oct. 29, 2008 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff was granted an extension of time to file a response to the Report and Recommendation.

Plaintiff filed an amended complaint. Because Plaintiff failed to place the civil

action number of the present action on the amended complaint, the Clerk erroneously filed the amended complaint as a new action. Accordingly, the Clerk will be directed to dismiss *Banks v. Nagle*, 09cv14 (E.D. Va.) and file the amended complaint in the present action.

## II. ANALYSIS

Plaintiff's amended complaint is largely identical to the original complaint. The Magistrate Judge's analysis of Plaintiff's Eighth Amendment claim applies with equal force to the amended complaint. Accordingly, Plaintiff's constitutional claims against Dr. Nagle for touching his bottom and against Officer Chavez for failing to intervene and stop Dr. Nagle's conduct will be dismissed.

Additionally, in his amended complaint, Plaintiff contends that Counselor Kinard and Warden Adams violated his constitutional rights by failing to properly process his grievances concerning the incident with Dr. Nagle. "There is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (*quoting Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)). Accordingly, Plaintiff's claims that Adams and Kinard violated his right by failing to properly process his grievances are legally frivolous and will be dismissed.

Lastly, Plaintiff contends that Adams retaliated against him for complaining about Dr. Nagle and transferred him to a different prison. In order to state a non-frivolous claim of retaliation, the plaintiff "must allege either that the retaliatory act was taken in

5

response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Id.* Because Plaintiff did not enjoy a constitutional right to complain about Dr. Nagle's conduct or to avoid transfer to another prison, his claim of retaliation is frivolous and will be dismissed. *See Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate order will accompany this Memorandum Opinion.

Date: May 1, 2009
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge

6